FRED W. JONES, Jr., Judge.
Plaintiff sued the vendor and manufacturer of a stepladder for injuries sustained when the allegedly defective ladder collapsed, causing plaintiff to fall to the ground and hurt his back. Plaintiff’s worker’s compensation carrier intervened to recover benefits it had paid plaintiff. From a judgment in favor of the defendant manufacturer,* both plaintiff and the intervenor appealed, contending in essence that the trial judge was clearly wrong in his fact-finding concerning the cause of plaintiff’s fall.
For the reasons hereinafter explained, we find no manifest error in the trial court’s factual determinations and affirm.
Plaintiff, Norbert Johnson, purchased a six foot laminated wood stepladder from Peerless Supply Company, Inc. in February 1977. On February 28, 1979, Johnson [a 55 year old, 190 pound insurance agent] was using the described ladder in the backyard of his residence when the alleged accident and resulting injuries occurred. In this suit, filed on June 26, 1979, Johnson asserted that his fall was due to the collapse of the ladder because of a manufacturing defect. Evidence adduced at the trial on De *967 cember 10,1982 consisted primarily of deposition testimony.
According to the plaintiff, just prior to the accident he had placed the four legs of the ladder in a free-standing position at-a relatively level spot on the hard dirt surface of his backyard, preparatory to climbing the ladder to take pictures with his small camera. With the camera in his pocket, plaintiff ascended the ladder and had placed both feet on the fourth step when the left front leg collapsed, causing him to fall to the ground in that direction.
Plaintiff's wife testified that she was standing at a window in their residence, some 100 feet away, watching her husband on the ladder, and saw him fall. This witness conceded, however, that it happened so fast she really could not relate exactly what had occurred with reference to the ladder.
The defendant manufacturer presented the deposition testimony of two expert witnesses in an effort to negate plaintiffs as-, sertion that a defect in the ladder caused its collapse and plaintiffs fall.
John Dailey, plant manager for defendant’s manufacturing division and an expert in wood products engineering, visually inspected the damaged ladder after it was shipped to one of defendant’s New York facilities. Dailey observed that, other than at the point of the break in the left side rail, the ladder appeared to be in good condition. After inspecting the splintery appearance of the break, he reached the tentative conclusion that this represented a classic compression-tension type failure, with the tension failure on the outside of the rail and the compression failure on the inside. This evidence led Dailey to believe that the ladder was tipped over when the failure occurred.
Dailey’s preliminary finding was, according to the witness, verified after he conducted tests on other ladders to produce a similar type failure. He concluded that there was “no way for this type of break to occur with all four legs on the ground.” It was his final opinion that the failure of the ladder occurred when the left rail was past the vertical point to the ground and the two opposite rails on the right were several inches off the ground, i.e., plaintiff’s fall was caused, not by a prior collapse of the ladder, but by plaintiff’s tipping the ladder over and then, perhaps, falling on it.
Also testifying as an expert witness on behalf of defendant manufacturer was Dr. Warren Thompson, Director of the Forest Products Laboratory at Mississippi State University and an expert in wood science.
Since the ladder in question had been lost in a fire which totally destroyed defendant’s building in New York where the ladder was being held, Dr. Thompson based his testimony on photographs of the damaged ladder and the deposition testimony of plaintiff.
Thompson’s testimony was substantially the same as that of the other expert. He explained that the tension break on the outside of the' left rail and the compression failure on the inside of that rail indicated that the ladder was leaning considerably to the left at the time of the break. Thompson stated that if all the ladder legs were on the ground and a leg failed, the compression failure would have been on the outside of the rail and the tension break on the inside — or just the opposite of what occurred in this case. This witness also conducted stress tests on similar ladders, applying pressure with a hydraulic jack, and reached the same final conclusion as Dailey with reference to plaintiff tipping over the ladder before the break. Further, Thompson believed that plaintiff struck the ladder in the process of falling.
In written reasons for judgment, the trial court carefully reviewed the evidence and made the following pertinent findings of fact:
“From the eyewitness testimony, it is not clear exactly why the fall began or what caused the fall. However, it is clear that the fall did not begin because of a defect in the ladder.
“The uncontroverted scientific and expert evidence clearly and convincingly shows that the ladder in question broke after it began to fall.... Mr. Johnson
*968 must have accidentally begun his fall and as he did so the left leg of the ladder broke.”
A manufacturer of a product which involves a risk of injury to the user is liable to any person, whether the purchaser or a third person, who without fault on his part sustains an injury caused by a defect in the design, composition, or manufacture of the article. However, the plaintiff claiming injury has the burden of proving that the product was defective, i.e., unreasonably dangerous to normal use, and that the plaintiff’s injuries were caused by reason of the defect. Weber v. Fidelity & Casualty Insurance Co. of N.Y., 259 La. 599, 250 So.2d 754 (1971).
In this case, after weighing the evidence, the trial judge made the factual determination that the ladder in question was not defective. That we may not disturb such a finding in the absence of manifest error is now so well established that citation of authority is unnecessary. Our review of the record fails to reveal that the court was clearly wrong in its finding of fact. Consequently, we affirm the district court judgment, at appellants’ cost.

 After this suit was filed, the defendant-vendor of the ladder, Peerless Supply Co., Inc., was adjudicated a bankrupt and all proceedings as to it were stayed.